IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 1:08cr1-1 |
| ROBERT L. JONES, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

The matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Dkt. 130 (the "Petition")], and Motion to Appoint Counsel [Dkt. 129].  For reasons explained below, the Court will deny these motions.

**I.   Background**

Defendant pleaded guilty on January 15, 2008, to a two-count criminal information charging him with violations of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to distribute 50 grams or more of cocaine base), and 18 U.S.C. § 922(g)(1) (possession of a firearm by a prohibited person).  [Dkts. 80-84.]  His plea was pursuant to a plea agreement.  [Dkt. 83.]  On April 4, 2008, this Court sentenced Defendant to the mandatory minimum sentence of 120 months on both counts, plus five years' supervised release, all running concurrently, and made Defendants' federal sentence concurrent with a three-year state sentence.  [Dkt. 89.]

1

On October 16, 2009, Petitioner moved for a retroactive application of the sentencing guidelines for crack cocaine offenses--a motion this Court denied due to Petitioner's mandatory minimum sentence of 120 months, [Dkt. 111].  Petitioner unsuccessfully appealed this decision, [Dkts. 112, 119, 121].  Petitioner then filed a motion for a sentence modification, [Dkt. 122], which this Court denied as well, [Dkt. 127].

On April 14, 2011, Petitioner filed the instant Petition.  The Government, pursuant to Court Order, filed a brief in opposition on April 27, 2011, [Dkt. 133].  Petitioner filed a response in support on June 3, 2011, [Dkt. 134].  The Petition is before the Court.

## II.  Analysis

A.   The Petition

The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") provides that a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the

2

Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (requiring district courts to furnish habeas petitioners an opportunity to provide facts contesting the application of the statute of limitations); *United States v. Sexton*, 56 F. App'x 202 (4th Cir. 2003) (applying *Hill* to a § 2255 Motion).

The one-year statute of limitations begins to run on the date on which a petitioner's judgment of conviction becomes final. Here, because Petitioner did not file a direct appeal, his judgment of conviction became final on April 4, 2008, the date on which judgment was entered. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that where a defendant does not file a direct appeal, his conviction becomes final on the date on which the district court enters the judgment of conviction); [Dkt. 89]. Petitioner filed his Petition over three years later on April 14, 2011, well outside the one-year limitation. The question, then, is whether AEDPA's one-year statute of limitations can be tolled here.

A petitioner seeking equitable tolling must show (1) that he diligently pursued his rights and (2) that some extraordinary circumstance stood in the way of his timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). "The diligence required for equitable tolling purposes is 'reasonable diligence, not 'maximum feasible diligence.'" *Id.* at 2565 (citation omitted). Moreover, an attorney's failure to file a timely habeas corpus petition *may* qualify as such an "extraordinary circumstance" in certain cases; however, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 2564 (internal quotation marks and citations omitted).

Here, reading the Petition liberally, as this Court must, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it appears that Petitioner seeks equitable tolling on the basis of his illiteracy. It is well established, however, that "lack of proficiency in English, like *pro se* status *or illiteracy*, does not constitute an 'extraordinary circumstance' for equitable tolling of the period of limitations." *Baltazar v. Warden, Ridgeland Corr. Inst.*, No. 6:06-2726, 2007 WL 2156594, at *6 (D.S.C. July 24, 2007) (citing *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005), *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), and *Perez v. Ozmint*, No. 3:05-3232, 2006 WL 783771 (D.S.C. Mar. 27, 2006)).

4

Equitable tolling is therefore inappropriate here, meaning that this Petition is time-barred and must be denied.

### B. Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent an indigent party proceeding *in forma pauperis*. The Fourth Circuit limits the appointment of counsel, however, to cases presenting "exceptional circumstances" such as particularly complex factual and legal issues or a litigant unable to represent himself adequately. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Here, Defendant presents no such circumstances. Though he may lack English proficiency, his numerous filings have shown his ability to enlist the assistance of others in pursuing his claims. [*See* Dkts. 112 (appeal to Fourth Circuit), 116 (corrected signed notice of appeal), 122 (motion for sentence modification), 124 (motion to remand custody to the Commonwealth of Virginia), 126 (reply to the Government's response to motion for sentence modification), and, of course, 130 (the Petition).]

### III. Conclusion

For the reasons explained above, this Court will deny Petitioner's Motions. An appropriate order will issue.

July 28, 2011  _____/s/_____
Alexandria, Virginia             James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE

5